[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

No. 06-11822
Non-Argument Calendar

_____

D. C. Docket No. 04-00351-CV-4-RH-WCS

SIDNEY E. SCOTT,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
Secretary, Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 28, 2007)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sidney Scott ("Scott"), *pro se*, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court denied habeas relief, concluding that Scott's ineffective assistance claim was procedurally barred and, alternatively, that it failed on the merits. The district court later granted a certificate of appealability ("COA") on the limited issue of "whether relief . . . should be granted based on ineffective assistance of petitioner's state court attorney in failing adequately to consult with petitioner and to determine petitioner's wishes on the subject of whether an appeal should be taken from the revocation of his probation and resulting sentence." For the following reasons, we affirm.

## Procedural History

In 1989, Scott was convicted of armed robbery, kidnaping, armed sexual battery, and sexual battery in a Florida state court. He was sentenced to a twelve-year suspended sentence, with one year of community control to be followed by eleven years of probation. In 2001, just before his probation was to end, Scott was charged with sexual battery of a child. A jury found him guilty of sexual battery, and he was sentenced to thirty years' imprisonment. The court also determined that Scott had violated his probation from the 1989 convictions. Consequently, Scott's probation was revoked, and he was sentenced to twelve years'

2

imprisonment for violation of his 1989 probation. Scott's attorney appealed the judgment from the new conviction, but not the violation of probation judgment. Scott's conviction on the underlying claim was subsequently affirmed by the Florida appellate courts.

In a state habeas proceeding, Scott challenged his sentence for probation violation on the grounds that his attorney had provided ineffective assistance of counsel by failing to appeal that conviction. Scott argued that he had explicitly requested his trial attorney to appeal the revocation of his probation, but his attorney withdrew as counsel without doing so. The state habeas court, after holding an evidentiary proceeding on the matter, found that "there was no request to appeal the violation of probation conviction," and denied Scott habeas relief.

Scott next filed the § 2254 habeas petition before us now, where he again raised, among other claims, that his trial counsel was ineffective for failure to file a notice of appeal from his probation revocation after being requested to do so. However, in his objections to the magistrate's report and recommendation, Scott contended for the first time that his trial counsel was ineffective for not consulting with him about an appeal, citing *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034, 145 L. Ed. 2d. 985 (2000).

The magistrate judge recommended denial of the claim, finding that the

3

claim was procedurally defaulted and failed for lack of proof.[1]  The district court

adopted the magistrate's report and recommendation and denied Scott's claim with

prejudice.  This appeal ensued.

## Discussion

As a preliminary matter, we note that the COA covered the merits of Scott's

ineffective assistance of counsel claim, and did not address the district court's

procedural default finding.  Nevertheless, we construe the COA as including both

the merits-based issue and the procedural default issue, since the district court did

not provide an "explicit statement" to the contrary.  *See Wright v. Sec'y for Dep't*

*of Corrections*, 278 F.3d 1245, 1258 (11th Cir. 2004) ("Absent an explicit

statement by the district court, in cases where a district court grants a COA with

respect to the merits of a constitutional claim but the COA is silent with respect to

procedural claims that must be resolved if the panel is to reach the merits, we will

assume that the COA also encompasses any procedural claims that must be

addressed on appeal") (citation omitted).

Because a procedural issue like the default doctrine is predicate to the

consideration of a constitutional issue, we first consider whether the district court

---

[1]The Magistrate's Second Report and Recommendation, adopted by the district court, does not discuss the merits of Scott's claim that counsel failed to consult with him about an appeal.  As that claim had not been exhausted in state court, and is therefore defaulted, the court below was not required to consider the merits under § 2254.

properly concluded that Scott's habeas petition should be denied on procedural default grounds. *See id.* ("Unless we review a district court's threshold ruling that a claim is procedurally barred from consideration, it would be a waste of our time to consider the merits of the claim."). On appeal, Scott only raises the claim that his counsel was ineffective for failing to consult with him about an appeal, the claim that district court held was procedurally defaulted. The district court did not consider the merits of this claim. Therefore, we need only discuss the procedural default issue.

*Procedural default*

We review *de novo* a determination that a habeas claim was procedurally defaulted. *Brownlee v. Haley*, 306 F.3d 1043, 1058 (11th Cir. 2002).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). Failure to do so will result in the claim being procedurally defaulted. *Hallford v. Culliver*, 459 F.3d 1193, 1199 n.4 (11th Cir. 2006) (per curiam). We have held:

> In order to be exhausted, a federal claim must be fairly presented to the state courts. It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims,

> federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

*McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks and citations omitted) (alteration in original). Because Scott did not present the same factual foundation for his ineffective assistance of counsel claim in federal court as he had raised in his state court habeas proceeding, his claim is procedurally defaulted.

In *Flores-Ortega*, the Supreme Court recognized two distinct factual scenarios where an attorney's failure to file a notice of appeal for a client may give rise to a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Flores-Ortega*, 528 U.S. at 476-77, 120 S.Ct. at 1034. First, "a lawyer who *disregards specific instructions* from the defendant to file a notice of appeal" is *per se* deficient. *Id.* at 477, 120 S. Ct. at 1035 (emphasis added). Second, a lawyer who *fails to consult* with the defendant about an appeal may be deficient for not filing a notice of appeal in certain circumstances. *Id.* at 479-80, 120 S.Ct. at 1036. With regard to the second scenario, the Court recognized a "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want

6

to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480, 120 S. Ct. at 1036.

Scott argued the first factual scenario recognized by *Flores-Ortega* in his state habeas proceeding. He claimed that his attorney disregarded his express instruction to file an appeal on his behalf. *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. at 1035. Accordingly, the state court held an evidentiary hearing and found as fact that "there was no request to appeal the violation of probation conviction."[2] By contrast, Scott presented the second factual scenario before the district court and now on appeal. He claims that his attorney was deficient for failing to consult with him about taking an appeal. *Id*. at 478-80, 120 S. Ct. at 1035-36. Accordingly, Scott's claim that his counsel was deficient for *failure to consult* is procedurally defaulted because, although he had the opportunity, he did not present it to the state courts for evaluation. *Hallford*, 459 F.3d at 1199 n.4; *see Weeks v. Jones*, 26 F.3d 1030, 1044 (11th Cir. 1994) ("[P]resentation of *some* ineffective

---

[2]The district court found that Scott had properly exhausted the claim that his attorney was insufficient for failing to file an appeal after Scott had specifically requested him to do so. The district court held that the state court's factual determination and denial of that claim was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); nor was it "contrary to, or an unreasonable application of, clearly established Federal law." § 2254(d)(1). On appeal, Scott does not argue that the district court erred in denying habeas relief on the exhausted claim, instead, focusing on his "failure to consult" claim.

instances in state court does not preserve in federal court *other or all instances* of ineffective assistance that were not presented in state court claims, when such a procedural bar exists.").

A habeas petitioner's procedural default may be excused by showing cause for the default and actual prejudice resulting therefrom, or by establishing a fundamental miscarriage of justice. *Hallford*, 459 F.3d at 1199-1200 n.5. Scott does not argue on appeal that the district court erred in denying his habeas petition prematurely without first permitting him to demonstrate cause and prejudice. Accordingly, he has abandoned this claim. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1263 (11th Cir. 2004). Scott does not argue that he had cause for the default, that prejudice resulted, or that there is a fundamental miscarriage of justice.

Accordingly, we affirm the district court's denial of Scott's petition for habeas corpus.

**AFFIRMED.**